# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

ALLEN POLK                                                            PLAINTIFF

V.                          4:11CV00401 JLH/JTR

PULASKI COUNTY DETENTION FACILITY, et al.          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States Chief District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Allen Polk, is a pretrial detainee at the Pulaski County Detention Facility ("PCDF"). He has recently filed a *pro se* § 1983 Complaint and an Amended Complaint alleging that Defendants violated his constitutional rights. *See* docket entries #2 and #8. Additionally, he has filed two Motions seeking permission to

consolidate this action with another case he has pending in this District. *See* docket entries #11 and #12.

For the following reasons, the Court recommends that: (1) the case be dismissed, without prejudice, for failing to state a claim upon which relief may be granted; and (2) Plaintiff's Motions to Consolidate be denied.

## II. Discussion

### A. Screening Plaintiff's Complaint

In his Complaint, Plaintiff contends that, from March 9 until June 8, 2011, he was confined in administrative segregation at the PCDF as punishment for receiving several disciplinary convictions.[1] *See* docket entries #2 and #8. He alleges that, for

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court is mindful that, when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Stalley*, 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than

twenty-three hours a day, he was held in a single-man cell, without any restraints. For one hour each day, he was allowed to leave his single-man cell and go to the day room where he was required to wear handcuffs and leg irons. *Id.* According to Plaintiff, the restraints "substantially impaired his ability. . . to exercise in order to reduce chronic pain caused by bone spurs in the neck and multi-level degenerative disc disease." *See* docket entry #8 at 12. Plaintiff asserts that the restriction on his ability to exercise in the day room was a violation of his Fourteenth Amendment rights.[2] *See* docket entry #2 and #8.

In order to state a viable conditions of confinement claim, a pretrial detainee must allege that: (1) objectively, the deprivation was sufficiently serious to deprive him of the minimal civilized measures of life's necessities, or to constitute a substantial risk of serious harm to his health or safety; and (2) subjectively, the

---

formal pleadings drafted by lawyers."

[2] Plaintiff also claims that Defendants violated a PCDF policy requiring that he receive at least on hour a day of unrestrained recreation time. *See* docket entries #2 and #8. However, it is well settled that prisoners do not have a constitutional right to enforce compliance with internal prison rules or regulations. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir.1997); *Kennedy v. Blankenship,* 100 F.3d 640, 643 (8th Cir.1996). Thus, Defendants' alleged violation of their own policy, standing alone, does not rise to the level of a constitutional violation.

defendants were deliberately indifferent to the risk of harm posed by the deprivation.[3] *See Davis v. Oregon County, Mo.*, 607 F.3d 543, 548-49 (8th Cir. 2010); *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004). In evaluating Plaintiff's claim that he was not allowed sufficient freedom to adequately exercise, the Court must consider: "(1) the opportunity to be out of the cell; (2) the availability of recreation within the cell; (3) the size of the cell; and (4) the duration of confinement." *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992).

During his hourly recreation time in the day room, his restraints allowed him to walk and move around but prevented him from performing exercises requiring a full range of motion. However, Plaintiff *concedes* that he could engage in a full range of exercises while he was *unrestrained* in his individual cell, which was approximately 8 feet wide and 15 feet in length. *See* docket entry #8 at 86-87. Plaintiff explains that he *chose* not to do so because the air conditioning vent was partialy obstructed, making his cell "hot and stuffy." *Id.* at 80; *see Cotton v. Hutto*,

---

[3] Because Plaintiff was a pretrial detainee, his claims must be evaluated under the Due Process Clause of the Fourteenth Amendment, instead of the Cruel and Unusual Punishment Clause of the Eighth Amendment, which applies to convicted prisoners. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). However, the Eighth Circuit has applied the same deliberate indifference standard to conditions of confinement claims arising under the Fourteenth and Eighth Amendment. *See Davis v. Oregon County, Mo.*, 607 F.3d 543, 548-49 (8th Cir. 2010); *Butler v. Fletcher,* 465 F.3d 340, 345 (8th Cir. 2006).

540 F.2d 412, 414 (8th Cir. 1976) (holding that Arkansas prisons were not constitutionally required to provide air conditioning). Plaintiff further states that shower call was at 7:00 a.m. *Id.* Thus, if wanted to shower after exercising in his cell, he had to do so before 7:00 a.m., and "who wants to get up and do a workout that early, anyway." *Id.*

From these allegations it is clear that, while Plaintiff could not engage in a full range of exercises during the one hour each day he was in the day room, he had a sufficient opportunity, for the remainder of each day, to exercise inside his individual cell. He admits that he elected not to do so because it was not sufficiently comfortable and convenient for him. *See Rhodes v. Chapman*, 452 U.S. 337, 349 (1981) (explaining that the "Constitution does not mandate comfortable prisons" or that prisons be "free of discomfort"). Thus, the allegations in Plaintiff's Complaint do not state an objectively serious deprivation sufficient to sustain a viable constitutional claim. *See Wishon*, 978 at 449 (finding no constitutional violation where a prisoner, who had the ability to exercise inside of his cell, was limited to 45 minutes a week of out-of-cell exercise); *Leonard v. Norris*, 797 F.2d 683, 685 (8th Cir. 1986) (holding that the lack of any out-of-cell exercise for fifteen days was not a constitutional violation).

**B.     Plaintiff's Motions to Consolidate**

Plaintiff has filed two Motions seeking permission to consolidate this action with *Polk v. Pulaski County Detention Facility*; 4:11CV00401DPM/BD. *See* docket entry #11. Because the current lawsuit fails to state a valid claim for relief, there is no need to consolidate it with any other actions Plaintiff has pending in this District. Accordingly, the Motions to Consolidate should be denied.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. This case be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2. The dismissal constitute a "STRIKE," as defined by 28 U.S.C. § 1915(g).

3. Plaintiff's Motions to Consolidate (docket entries #11 and #12) be DENIED.

4. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Disposition would not be taken in good faith.

Dated this 20th day of July, 2011.

_____
UNITED STATES MAGISTRATE JUDGE